*1063 OPINION.
Murdock:
A situation similar in most respects to that involved herein was considered by the Board in the case of Tex-Penn Oil Co., 28 B. T. A. 917. There stock of the Transcontinental Oil Co., a new corporation, was subjected to a restriction against sale for a limited period. The Board held that the restricted stock had a fair market value of $7 per share. Unrestricted shares were currently selling on the New York Curb Exchange at prices exceeding $47 per share. There was much other evidence which the Board considered in reaching its conclusion as to value. The Board was reversed, 83 Fed. (2d) 518, 300 U. S. 481. The following is from the opinion of the Supreme Court:
In the peculiar circumstances of this case, the shares of Transcontinental stock, regard being had to their highly speculative quality and to the terms of a restrictive agreement making a sale thereof impossible, did not have a fair market value, capable of being ascertained with reasonable certainty, when they were acquired by the taxpayers.
The Court held that in the absence of such value no tax should be computed upon a gain at the time the shares were received. See sec. 202 (b), Revenue Act of 1918.
The restriction placed upon the shares of the Reliance- Bronze & Steel Corporation was not materially different, so far as its effect upon fair market value is concerned, from that placed upon the Transcontinental shares. Unless the “highly speculative quality” of the latter distinguishes the two cases, the result in each should be the same. The Reliance Bronze & Steel Corporation was a new corporation. Although it was taking over established businesses, *1064 nevertheless, its future was uncertain. As the petitioner described the experience of the company, “It started in a scrap and ended in bankruptcy.” The evidence as a whole indicates that the “quality” of this stock was also “highly speculative.” Following the decision of the Supreme Court in the Tex-Penn case, we hold that the stock when acquired by the petitioner did not have a fair market value, capable of being ascertained with reasonable certainty, and that no taxable gain should be computed upon its receipt in the year 1929. Propper v. Commissioner, 89 Fed. (2d) 617. It is thus not necessary to consider or decide the other issue raised.
Reviewed by the Board.

Decision will be entered for the petitioner.